UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARN, INC.,<br>    Plaintiff, <br><br>v. <br><br>AURORA MACHINE, LLC,<br>    Defendant. | No. 3:24-cv-766 (SRU) |

### ORDER ON PLAINTIFF'S THIRD MOTION TO COMPEL

On April 9, 2025, MARN, Inc. ("MARN") filed its third motion to compel with respect to MARN's first sets of requests for production and interrogatories ("third motion to compel"). *See generally* Doc. No. 40. Aurora Machine, LLC's ("Aurora's") response was due by April 30, 2025; Aurora did not file a response. For the reasons set forth below, MARN's third motion to compel is **granted**.

**I.      Background**

MARN filed its initial complaint against Aurora on April 25, 2024. Doc. No. 1. On June 17, 2024, Aurora filed a motion to dismiss MARN's complaint or, alternatively, to compel discovery. *See generally* Doc. No. 22. The parties filed a Rule 26(f) Report on July 3, 2024, which I approved on July 8, 2024. Docs. No. 23-24. In their Rule 26(f) Report, the parties envisioned completing discovery by June 30, 2025 and filing dispositive motions by August 29, 2025. Doc. No. 23 at 8, 10.

On August 14, 2024, Aurora filed a motion to stay discovery pending resolution of its motion to dismiss or compel arbitration; MARN opposed Aurora's motion to stay discovery. Docs. No. 27-28. On December 10, 2024, MARN filed a motion to compel Aurora's compliance

with outstanding discovery, including MARN's first set of interrogatories. Doc. No. 30 at 1. MARN also filed a motion to deem facts admitted on the same day. Doc. No. 31. Specifically, MARN requested an order deeming requests for admission numbers 1 through 33 admitted. Doc. No. 31 at 1. Aurora did not file responses to either motion; however, the parties jointly moved to extend all pre-trial dates and requested a status conference. Doc. No. 32.

I denied Aurora's motion to dismiss or compel arbitration and denied as moot Aurora's motion to stay discovery on February 27, 2025. *See generally* Doc. No. 34. On March 3, 2025, MARN filed a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(iv). Doc. No. 35.

I held a telephonic status conference with the parties on March 13, 2025. Doc. No. 36. During the status conference, I denied without prejudice MARN's motions to compel discovery, deem facts admitted, and compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(iv), because Aurora's participation in judicial discovery could have waived arbitration or prejudiced Aurora. Doc. No. 37 at 1. I ordered Aurora to comply with the following discovery deadlines: (1) Aurora had seven days to serve upon MARN any objections to MARN's outstanding discovery requests; and (2) Aurora had 21 days to serve responses to MARN's interrogatories and requests for production. *Id.* at 2. Additionally, I held that MARN was free to refile its motions to compel, which would likely be granted if Aurora did not comply with the above discovery deadlines. *Id.*

MARN filed its third motion to compel on April 9, 2025. Doc. No. 40. In its motion, MARN alleges that Aurora has failed to produce a single responsive document. *Id.* at 1. Further, MARN asserts that "Aurora has interposed improper 'boilerplate' objections in response to MARN's First Sets of Interrogatories and Requests for Production in violation of the Federal

Rules of Civil Procedure." *Id.* Aurora did not file a response to MARN's third motion to compel.[1]

MARN met and conferred with Aurora's counsel of record on April 1 and 8, 2025. Doc. No. 40 at 4, 65-66. During those telephonic conversations, Aurora advised MARN "of its intent to stand on its objections[;]" Aurora also took the position that the March 17, 2025 Conference Memorandum "did not oblige Aurora to produce responsive documents." *Id.* at 5. *See also id.* 65-66.

## II.   Discussion

Under Rule 33, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* Similarly, an objection to a request for production must "state with specificity the grounds for objecting to the request, including the reasons," and "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)-(C).

"Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents and answering no interrogatories are a paradigm of discovery abuse." *Tourtelotte v. Anvil Place Master Tenant*, LLC, 2012 WL 5471855, at *2 (D. Conn. Nov. 9, 2012) (cleaned up). Further, "generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 83, 85 (D.

---

[1] "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2).

Conn. 2005) (cleaned up) ("An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.").

Aurora objects to interrogatory numbers 2-5, 7, and 10-12 and requests for production numbers 1-3, 5-8, 10, 15-17, and 19-24 using the following boilerplate language: "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Doc. No. 40 at 33-39, 47-50. Aurora's identical, vague objections violate "both the letter and spirit of the Federal Rules of Civil Procedure." *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. at 85. They fail to clearly and adequately describe Aurora's specific objections and how they relate to the information and documents MARN requests.

Additionally, in response to MARN's request for production numbers 9, 11-14, and 18, Aurora answers that MARN "is in possession of the responsive documents."[2] Doc. No. 40 at 35-37. I agree with MARN that Aurora cannot avoid producing documents by claiming those documents are equally available to MARN or that MARN already possesses them. *See Milner v. City of Bristol*, 2020 WL 6049261, at *3 (D. Conn. Oct. 13, 2020) ("An objection that the information sought in an interrogatory or request for production is 'equally available' to the requesting party is 'insufficient to resist a discovery request.'") (quoting *Charter Practices Int'l, LLC v. Robb*, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014)).

Aurora's failure to produce any records responsive to MARN's production requests and its improper objections are inexcusable. Further, the March 17, 2025 conference memorandum memorializes the oral orders I made during the March 13, 2025 telephonic status conference. Docs. No. 36-37. Aurora misinterprets my orders from the March 13 status conference. I denied

---

[2] Aurora did not provide a response to production request number 9. *See* Doc. No. 40 at 35. However, because a lack of response is also improper, any further objection to production request number 9 is also waived. *See* Fed. R. Civ. P. 34(b)(2).

MARN's pending discovery motions "so that this case is decided on its merits." Doc. No. 37 at 1. Deciding a case on its merits necessitates good faith participation in judicial discovery, including producing documents responsive to MARN's discovery requests.

For the foregoing reasons, MARN's third motion to compel is **granted**. Doc. No. 40. Accordingly, it is **ordered** that:

(1) Aurora's objections to interrogatories numbers 2-5, 7, 10-12 and requests for production numbers 1-3, 5-8, 10, 15-17, 19-24 are stricken;

(2) Aurora's answers to requests for production numbers 9, 11-14 and 18 are stricken;

(3) Any objections that Aurora might have properly interposed in response to MARN's first sets of interrogatories and requests for production are waived;

(4) Aurora shall produce all responsive documents within seven (7) days;

(5) MARN is awarded its reasonable costs and attorneys' fees incurred in connection with this motion; and

(6) MARN is granted leave to submit a fee petition and supporting affidavit.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of May 2025.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge